*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES DEWEY PORTER,

Defendant-Appellant.

UNPUBLISHED
March 18, 2025
9:44 AM

No. 369262
St. Clair Circuit Court
LC No. 82-125392-FC

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted of five counts of first-degree murder, MCL 750.316(1)(a), in 1983 for crimes he committed when he was 16 years old. The trial court originally sentenced defendant to mandatory life in prison without the possibility of parole, but following the decisions of the United States Supreme Court in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), and our Legislature's enactment of MCL 769.25 and MCL 769.25a, defendant was entitled to be resentenced. The prosecution moved to resentence defendant to life without parole under MCL 769.25(2), and in accordance with MCL 769.25(6), the trial court held a hearing on the prosecution's motion. At the start of the second day of that hearing, before defendant presented his evidence, defendant knowingly and voluntarily waived his right to the proceed with the remainder of the hearing. In so doing, defendant affirmatively stated that he understood that a consequence of his decision was that he would not be opposing the prosecution's motion to sentence him to life without parole, and he affirmed that he was "in agreement with that." Following defendant's clear and unequivocal waiver, the trial court resentenced defendant to life without parole. Defendant appeals that sentence as of right. We affirm.

## I. BACKGROUND

One morning in 1982, when defendant was 16 years old, he rode his bike to the Guiliani family's home, carrying a rifle on the bike's handlebars. Once at the home, defendant shot and killed five members of the Giuliani family—the mother and her four children. The youngest victim was nine years old. The father of the Giuliani family was at work at the time. Following

-1-

defendant's arrest and trial, he was convicted of five counts of first-degree murder and five counts of felony-firearm. On March 14, 1983, defendant was sentenced to mandatory life without parole.

Following changes in the law brought about by the United States Supreme Court's decisions in *Miller* and *Montgomery*, as well as our Legislature's enactment of MCL 769.25 and MCL 769.25a, the prosecution moved to resentence defendant to life without parole under MCL 769.25(2). After many adjournments, the trial court held a hearing on the prosecution's motion (the *Miller* hearing) pursuant to MCL 769.25(6). On the first day of the *Miller* hearing, the court heard testimony from the original police detective assigned to defendant's case, friends of the Giuliani family, and defendant's friend who was with him following the murders. This testimony generally established the circumstances surrounding the 1982 murders and defendant's behavior afterwards.

At the start of the second day of the *Miller* hearing, defense counsel informed the court that defendant did "not wish to proceed with the *Miller* Hearing" any further. Defendant was then sworn in and was questioned by his counsel. After confirming that he understood that he had a right to the *Miller* hearing, defendant said, "I am waiving it," and that he did not wish to proceed with the hearing any further. Upon questioning by the trial court, defendant again confirmed that he was waiving his right to the *Miller* hearing. Then the following exchange took place:

> *The Court*. Do you understand that by waiving this hearing in effect there would be no opposition being mounted against the People's motion to have me resentence you to life in prison without the possibility of parole?
>
> *The Defendant*. Yes, sir.
>
> *The Court*: So you know that that essentially is the ultimate consequence of your decision to waive that hearing today?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: And you're, you're in agreement with that, are you?
>
> *The Defendant*: Yes, sir.

The court accepted defendant's waiver and turned to addressing the prosecution's motion to sentence defendant to life without parole. The court reasoned that, because there was "no opposition" to the motion, the court would grant it.

The court then immediately proceeded to "a formal resentencing hearing." The court commended everyone's work on the case and said that it originally thought it "was going to have to make a decision as to whether [defendant] would remain in prison for the rest of his life" but defendant "settled that question for us." The court then mentioned the severity of the crimes for which defendant was convicted and highlighted the "reach" of those crimes, explaining that defendant's crimes had an impact on the entire community. The court concluded by reaffirming that it was granting the prosecution's motion, and it sentenced defendant to life without parole.

This appeal followed.

## II. DEFENDANT'S APPEAL

Defendant argues on appeal that "the trial court abused its discretion when it re-sentenced [defendant] to life without parole without making the required findings." It is unclear from defendant's briefing exactly what "findings" defendant believes the trial court was "required" to make,[1] but it appears defendant is referring to the requirements in MCL 769.25(6) and (7).[2] Those subsections require a trial court contemplating whether to sentence a juvenile offender to life without parole to hold a *Miller* hearing, at which the court is to consider the *Miller* factors and to state on the record the circumstances that the court considered and its reasoning for the sentence imposed. MCL 769.25(6) and (7). The subsections state:

> (6) If the prosecuting attorney files a motion under subsection (2), the court shall conduct a hearing on the motion as part of the sentencing process. At the hearing, the trial court shall consider the factors listed in Miller v Alabama, 576 US____; 183 L Ed 2d 407; 132 S Ct 2455 (2012), and may consider any other criteria relevant to its decision, including the individual's record while incarcerated.

> (7) At the hearing under subsection (6), the court shall specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed. The court may consider evidence presented at trial together with any evidence presented at the sentencing hearing.

Subsection (7)'s requirement that the court specify certain findings "on the record" is, by the statute's plain language, to be done "[a]t the hearing under subsection (6)." MCL 769.25(7).

---

[1] For instance, defendant's brief discusses the United States Supreme Court's decision in *Miller*, its pronouncement of the *Miller* factors, and cases from this Court and the Michigan Supreme Court discussing *Miller* and the *Miller* factors, but defendant does not contend that *Miller* or the Eighth Amendment *required* the trial court here to make any particular finding. This is presumably because such an argument would lack merit. See *People v Skinner*, 502 Mich 89, 125; 917 NW2d 292 (2018) (explaining that "the Eighth Amendment does not require the finding of any particular fact before imposing a life-without-parole sentence" on a juvenile offenders); *People v Hyatt*, 316 Mich App 368, 384; 891 NW2d 549 (2016), rev'd in part on other grounds by *Skinner*, 502 Mich 89 (explaining that *Miller* lacked any "express procedural requirements or fact-finding requirements," which is why the *Montgomery* Court "emphasized that it was incumbent on states to develop procedures to enforce *Miller*'s substantive guarantee" for juvenile offenders).

Defendant does, at one point, argue that the trial court was required to "determine[] that [defendant] was one of those rare juveniles" for whom a sentence of life without parole was proper, but this argument ignores our Supreme Court's clear statement that a trial court does *not* have to find that a juvenile offender is "rare" before sentencing him or her to life without parole. See *Skinner*, 502 Mich at 128 ("The trial court also does not have to explicitly find that defendant is 'rare.' Indeed, we cannot even imagine how a trial court would go about determining whether a particular defendant is 'rare' or not.").

[2] While not dispositive, this is also how the prosecution interprets defendant's argument on appeal, and defendant never filed a reply contesting the prosecution's interpretation.

-3-

Yet, here, before the trial court had an opportunity to make the required findings, defendant unequivocally waived his right to the remainder of the hearing. Additionally, the requirements of MCL 769.25(6) and (7) generally establish the process that courts are to follow when deciding whether to sentence a juvenile offender to life without parole. Yet, here, defendant affirmed that a consequence of his waiver was that he would be resentenced to life without parole, and he further affirmed that he was "in agreement with that." Taken as a whole, these facts suggest that defendant waived the requirements of MCL 769.25(6) and (7).

No published decision in this state has considered whether a defendant can waive the protections afforded by MCL 769.25(6) and (7), and if so, how. On the one hand, "[i]t is presumed that waiver is available in a broad array of constitutional and statutory provisions[.]" *People v Carter*, 462 Mich 206, 217-218; 612 NW2d 144 (2000) (quotation marks and citation omitted). On the other hand, "[w]hether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Id*. at 217 (quotation marks and citation omitted). It follows that whether a juvenile offender can waive the requirements of MCL 769.25(6) and (7)—and, if so, how—"depends on the right at stake." *Id*.

Resolution of whether defendant could and validly did waive the requirements of MCL 769.25(6) and (7) is potentially dispositive—if defendant can and did waive the requirements of MCL 769.25(6) and (7), then defendant's appeal based on the trial court's failure to fulfill the requirements of those subsections cannot proceed. See *id*. at 215 ("One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.") (Quotation marks and citation omitted.) Defendant does not address whether a waiver of the "procedural mechanisms"[3] under MCL 769.25 is proper in the first instance, jumping only to the question: what are the responsibilities of a sentencing court following a valid waiver of a *Miller* hearing? As a result, any argument about whether a defendant could not waive the requirements of MCL 769.25(6) and (7) is saved for another day.[4]

This makes resolution of this appeal straightforward. At his *Miller* hearing, defendant knowingly, voluntarily, and unequivocally waived his right to the remainder of the *Miller* hearing and agreed that the likely consequence of his decision was that he would be resentenced to life without parole. By so doing, defendant effectively waived the requirements of MCL 769.25(6) and (7). And because defendant was no longer opposing the prosecution's motion to resentence him to life without parole, the trial court sentenced defendant to life without parole. On appeal, defendant argues that the trial court erred by sentencing him to life without parole without making

---

[3] *People v Taylor*, 510 Mich 112, 129; 987 NW2d 132 (2022) (describing the statutory regime in Michigan as "additional sentencing limits . . . and procedural mechanisms" beyond that required by *Miller v Alabama*, 567 US 460, 132 S Ct 2455 (2012) and *Jones v Mississippi*, 593 US 98, 141 S Ct 1307 (2021)).

[4] At oral argument and in briefing, appellate counsel conceded that the waiver itself was knowing, intelligent, and voluntary on the basis of the record as well as her conversations with defendant and *Miller*-hearing counsel.

the findings required by MCL 769.25(6) and (7). But, again, defendant waived the requirements of MCL 769.25(6) and (7), and on appeal, defendant has abandoned any argument that he could not or did not validly waive his rights under those subsections because he failed to adequately brief the issue. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). We accordingly conclude that defendant's waiver of those statutory subsections' requirements extinguished any error, and he cannot now "seek appellate review of a claimed deprivation of those rights." *Carter*, 462 Mich at 215.

Finally, even if we were to treat defendant's claim "as merely forfeited rather than affirmatively waived," *People v Flores*, 346 Mich App 602, 608-609; 13 NW3d 668 (2023), we would still conclude that there was no reversible error here. Defendant did not object to (a) the trial court's comment that defendant's decision not to go forward with the hearing "settled that question for us," or (b) the trial court's decision to reimpose life without the possibility of parole. Accordingly, under the familiar *Carines* plain-error standard, defendant would have to show, among other things, that his substantial rights were affected. See *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999). Defendant offered scant evidence, if any, of mitigation and, importantly, he indicated on the record that he understood that, by not going forward with the hearing, the prosecutor's motion would be, in practical terms, unopposed. Our review of the record confirms that defendant cannot show any error by the trial court that affected the outcome of the sentencing proceeding, resulted in a sentence of someone who was plainly deserving of a shortened sentence, or undermined the fairness, integrity, or public reputation of the proceeding.

Affirmed.

/s/ Adrienne N. Young
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle